UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON STANDLEY,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN CLIFTON, et al.,<br><br>Defendants. | Case No. 23-cv-00509-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Corcoran State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against prison officials at San Quentin State Prison ("SQSP"), where he was previously housed. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
7  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
9  U.S. 42, 48 (1988).

**B.   Complaint**

The complaint names as defendants SQSP prison deputies Clifton and Loftin.  The complaint makes the following allegations.  On September 29, 2022, Plaintiff refused to move cells.  In response, deputy Clifton told Plaintiff that either Plaintiff would move willingly or deputy Clifton would escort him.  Defendants Clifton and Loftin grabbed Plaintiff.  Plaintiff sat down and they fell on top of him.  Defendant Loftin put his knee on Plaintiff's neck "like Oscar Grant and George Floyd" while defendant Clifton was pulling Plaintiff's arms.  Defendants call for backup and backup came and shackled Plaintiff's feet.  In order to ensure that Plaintiff had a more serious punishment, Defendants Clifton and Loftin lied and said that Plaintiff had headbutted and elbowed them.  As a result, Plaintiff received a SHU term.  Plaintiff filed a grievance regarding this incident, and the grievance was granted because Defendants had violated his due process.  Plaintiff states that he had just qualified for Level 3 housing but "they" denied him "to leave" before the incident happened, and that he was not supposed to be on a 180.  Plaintiff concludes the complaint as follows: "excessive force, emotional distress, falsely accused, false documentation, cruel and unusual punishment."  Plaintiff requests compensation for pain and suffering and to be housed at a lower-level prison facility. *See generally* Dkt. No. 1.

**C.   Dismissal with Leave to Amend**

The complaint is DISMISSED with leave to amend because the Court will not attempt to determine causes of actions from a list of factual allegations and because the allegations do not

2

appear to state cognizable federal constitutional claims.

The facts alleged in the complaint do not state an Eighth Amendment excessive force claim. Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). According to the complaint, Defendants grabbed Plaintiff and pulled his arms because he refused to move cells and that defendant Loftin placed his knee on Plaintiff's neck after falling onto Plaintiff. It is unclear from the complaint if Defendants took these actions maliciously and sadistically and with the intent to cause harm. For example, it is unclear if defendant Loftin briefly placed his knee on Plaintiff's neck or if defendant Loftin left his knee on Plaintiff's neck for an extended period when Plaintiff was already compliant and did so to cause Plaintiff harm. It is unclear how grabbing and pulling Plaintiff's arms rose to the level of an Eighth Amendment violation. Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Id.* An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Id.* For similar reasons, the Court finds that the complaint does not state a state-law claim for intentional infliction of emotional distress because the conduct described is not "conduct so extreme and outrageous as to go beyond all possible bonds of decency." *Coleman v. Republic Indem. Ins. Co. of Calif.*, 132 Cal. App. 4th 403, 416 (Cal. Ct. App. 2005) ("Liability for intentional infliction of emotional distress extends 'only to conduct so extreme and outrageous as to go beyond all possible bonds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'") (quoting *Alcorn v. Anbro Engineering, Inc.*, 2 Cal. 3d 493, 499, n.5 (Cal. 1970)). The Court therefore DISMISSES both the Eighth Amendment claim of excessive force and cruel and unusual punishment and the state law tort claim of intentional infliction of emotional distress. The dismissal is with leave to amend to address the identified deficiency, if Plaintiff can truthfully do so. *See Lopez v. Smith*,

1    203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading

2    could not possibly be cured by allegation of other facts).

3        The claim that Plaintiff was falsely accused of headbutting and elbowing Defendants does

4    not state a violation of the Due Process Clause.  Generally speaking, a prisoner has no

5    constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

6    may result in the deprivation of a protected liberty interest.  *Sprouse v. Babcock*, 870 F.2d 450,

7    452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  As long as a prisoner

8    is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge

9    fail to state a claim under Section 1983.  *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir.

10   1984).  There are no allegations that Plaintiff was deprived of a protected liberty interest due to

11   this disciplinary charge or that he was not provided with procedural due process with respect to the

12   subsequent disciplinary proceeding.  The due process claim is also DISMISSED with leave to

13   amend.

14       Plaintiff's claim that he is incorrectly housed in a higher-level facility also fails to state a

15   cognizable federal constitutional claim.  Prisoners have no constitutional right to incarceration in a

16   particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).  A prisoner's liberty

17   interests are sufficiently extinguished by his conviction that the state may generally confine or

18   transfer him to any of its institutions, without offending the Constitution.  *See Rizzo v. Dawson*,

19   778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer does not implicate Due Process

20   Clause).  A non-consensual transfer is not per se violative of either due process or equal protection

21   rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Stinson v. Nelson*, 525 F.2d 728,

22   730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded

23   before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably

24   less favorable institution, *see Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Johnson*, 948 F.2d

25   at 519; *see also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work

26   release center back to prison does not implicate due process nor equal protection rights).

27       In filing an amended complaint, Plaintiff should identify the federal law or federal

28   constitutional provision that he believes has been violated by each defendant's actions.  A

United States District Court
Northern District of California

pleading that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action does not suffice to state a cognizable claim for relief.  *Ashcroft*, 556 U.S. at 677–78.  Plaintiff must provide more than a conclusory statement that his constitutional rights were violated by prison officials and must do more than list various legal terms such as "excessive force" or "due process."

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must include the caption and civil case number used in this order, Case No. C 23-00509 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   6/30/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge